BEN PERRY AND STANLEY LASKY, RESPONDENTS, v. LYON CONSTRUCTION COMPANY, APPELLANT.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Israel B. Greene.*

For the respondents, *Michael Breitkopf.*

PER CURIAM.

This is a suit on a working contract; the controversy relates principally to rulings affecting the counter-claim.

By a written contract between plaintiffs and the defendant corporation, dated May 13th, 1925, it was recited that defendant was about to acquire a described piece of land and erect thereon a building consisting of apartments and stores, and to begin building shortly after acquisition of title; and agreed that plaintiffs should do the excavating at ninety-five cents a cubic yard; should "forthwith commence and with reasonable dispatch continue the work;" to commence within two days after notice to proceed, and by a separate paragraph it was provided that "in the event that the excavators fail to proceed with reasonable dispatch from the time the work is commenced to the time of completion, then the company reserves the right to stop the work of the excavators, have the surveyors fix and assess the amount due to the excavators and employ other excavators to completion; this feature of the contract being agreed to by the excavators in order to protect the company against unwarranted and unreasonable delay in the matter of proceeding with the excavation work with reasonable dispatch and promptitude."

The preliminary estimate of the plaintiffs indicated that the excavation could be completed in about two weeks; but there were considerable delays, due partly to bad weather, but principally to the fact that the steam shovel hired by them broke a shaft, and it was necessary to send to Pennsylvania for another, and for various causes, the excavation begun on May 22d was not completed until July 2d. So far as we can discover, the company made no attempt to enforce the above clause conferring the right in case of undue delay to dismiss the plaintiffs and hire other contractors; they were allowed to complete, but the company refused to pay on account of the delay, and when suit was brought, counter-claimed that the steam shovel was insufficient and in bad order, that it broke down constantly, and, in short, that there had been unreasonable delay, for which defendants

claimed $5,000 damages, particularly in that the completion of the building was delayed and rents lost.

At the trial the primary claim was conceded, and the evidence related wholly to the counter-claim.

Of the seven grounds of appeal, the last is abandoned. The others will be taken up in order.

Ground 1. A. Exclusion of a question to the witness Goldblatt. There was no exception to this ruling.

Ground 1. B. Exclusion of question to Goldblatt: "When was your mason contractor to commence work?"

The court ruled, in substance, that unless it appeared that haste in the completion of the building, and the dependence on prompt performance of the excavation for other contractors to begin, was expressly within the contemplation of the parties, consequential damages were not cognizable. This was in accordance with the celebrated case of *Hadley* v. *Baxendale,* 9 *Exch.* 341. We see no legal error in the exclusion of the question at this point.

The second ground is that in the course of the charge the judge instructed the jury: "The terms of a contract may be changed, that is, permit a later commencement or performance; that is for you to consider." To this exception was taken on the ground that there was nothing in the pleadings to support it. But conceding this, if there was error it was harmless. On rebuttal, the plaintiffs undertook to explain why they had not begun work until May 22d, and were allowed without objection to explain that they were busy on another job, and defendant's agents knew it, and had agreed that plaintiffs should begin on this job as soon as they had finished the other. The instruction excepted to was directed to this point; as a proposition of law it was correct; as cognizable in the case, it was appropriate to a situation that arose on the evidence without any objection because of not being present in the pleadings.

The third ground attacks the charge on what would be reasonable dispatch. The instruction is not quoted in full; when read in its entirety, we think it was not erroneous.

The fourth ground has no exception to support it, so we have not considered it.

The fifth ground relates to the refusal of a request to charge what amounts to more than arithmetical computation, which the court might well have charged, but was not required to charge, as it contained no principle of law applicable to the case.

The sixth ground relates to the refusal of the defendant's fifth request to charge, the substance of which is that plaintiffs are not entitled to invoke unforeseen accident, such as the breaking down of the shovel, as an excuse for delay in performance, but were required absolutely and at all events to have a proper shovel in proper order and proof against any possibility of breaking down. This is not the language of the request, but is what we understand to be its meaning. It will be remembered that the contract does not call for absolute completion at any specified time, but merely requires that plaintiffs shall complete with reasonable dispatch. Such language cannot be construed as imposing more than diligence in completion. The request was properly refused.

This disposes of all the grounds argued. The judgment will be affirmed.